JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PAMELLA HOSANG,

            Plaintiff,

   -against-

PAUL W. FRANK, FRANCK'S PHARMACY, INC.,
WELLS PHARMACY NETWORK, LLC, FRANCK'S
LAB, INC., INDIVIDUALLY AND D/B/A AS
FRANCK'S COMPOUNDING LAB,

            Defendants.

-----------------------------------------------------X



14 CV 3537

Docket No.

NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that defendant, FRANCK'S PHARMACY, INC.,
pursuant to 28 U.S.C. Sections 1441 and 1446, and Local Civil Rule 81.1,
requests that the above captioned matter, originally commenced in Supreme
Court of the State of New York, County of New York, under Index No.
153529/2014 be removed to the United States District Court, Southern District
of New York.

      1.    Defendant, FRANCK'S PHARMACY, INC., seeks removal to the
United States District Court, Southern District of New York on the grounds of
diversity of citizenship as set forth in 28 U.S.C. Section 1332(a)(1), and plaintiff
claims the amount in controversy is in excess of $75,000.00.

      2.    On or about April 11, 2014, plaintiff filed a Summons with Notice in
the above captioned matter, in Supreme Court of the State of New York, County

of New York, under Index No. 153529/2014.   A copy of plaintiff's Summons with Notice is annexed hereto and incorporated herein as **Exhibit "A"** pursuant to 28 U.S.C. Section 1446(a).   Defendant, FRANCK'S PHARMACY, INC., was never served with a copy of plaintiff's Summons with Notice.

3.   On or about April 18, 2014, plaintiff filed an Amended Summons in the above captioned matter, in Supreme Court of the State of New York, County of New York, under Index No. 153529/2014.   A copy of plaintiff's Amended Summons is annexed hereto and incorporated herein as **Exhibit "B"** pursuant to 28 U.S.C. Section 1446(a).   Defendant, FRANCK'S PHARMACY, INC., was never served with a copy of plaintiff's Amended Summons.

4.   On or about May 7, 2014, plaintiff filed a Second Amended Summons and a Verified Complaint in the above-captioned matter, in Supreme Court of the State of New York, County of New York, under Index No. 153529/2014.   A copy of plaintiff's Second Amended Summons and Verified Complaint are annexed hereto and incorporated herein as **Exhibit "C"** pursuant to 28 U.S.C. Section 1446(a).

5.   On May 9, 2014, defendant Paul W. Franck, entered into a stipulation with counsel for plaintiff agreeing to accept service on behalf of defendants, Paul W. Franck, Franck's Pharmacy, Inc., and Franck's Lab, Inc., Individually and D/B/A as Franck's Compounding Lab.

6.   Defendant, FRANCK'S PHARMACY, INC., was not served with any

documents in this case prior to the May 9, 2014.

7.     Defendant, FRANCK'S PHARMACY, INC., is without knowledge of the dates on which the other parties to this action have been served.

8.     Plaintiff, PAMELLA HOSANG, is a resident of New York County, New York.   Plaintiff seeks to recover damages for personal injuries allegedly sustained as a result of the negligence of defendants in an amount which she claims exceeds $75,000.00.

9.     Defendant, FRANCK'S PHARMACY, INC., is a corporation incorporated under eth law of the State of Florida, with its principal place of business in the State of Florida.

10.     Upon information and belief, Defendant, FRANCK'S LAB, INC. d/b/a FRANCK'S COMPOUNDING LAB, is a corporation incorporated under the laws of the State of Florida, with its principal place of business in the State of Florida.

11.     Upon information and belief, Defendant, PAUL W. FRANCK, is a resident, domiciliary, and citizen of the State of Florida.

12.     Upon information and belief, Defendant, WELLS PHARMACY NETWORK, LLC, is a Limited Liability Corporation incorporated under the State of Florida.  Defendant, FRANCK'S PHARMACY, INC., is without knowledge of the identity, residence, domicile, and citizenship of the partners or member of Defendant, WELLS PHARMACY NETWORK, LLC.

13.     This action is removable pursuant to 28 U.S.C. Section 1446, and

Local Civil Rule 81.1.  This petition is filed within thirty (30) days of defendant, FRANCK'S PHARMACY, INC.'s service of the Summons and Complaint.

14.    There are six (6) actions against the above captioned defendants in New York State Courts.  We are seeking to remove all six (6) cases to the appropriate Federal Courts, to ultimately be consolidated with *In re: Franck's Lab, Inc., Products Liability Litigation*, MDL Case No. 2454, in the U.S. District Court for the Eastern District of Louisiana.  A copy of the Transfer Order in *In re: Franck's Lab, Inc., Products Liability Litigation* is annexed hereto and incorporated herein as **Exhibit "D"**.

15.    We have conferred with counsel for plaintiff.  Counsel for plaintiff does not oppose the requested relief.

WHEREFORE, defendant, FRANCK'S PHARMACY, INC., respectfully requests this Court removes the above captioned matter, originally commenced in Supreme Court of the State of New York, County of New York, under Index No. 153529/2014 to the United States District Court for the Southern District of New York on the basis of diversity of citizenship.

Dated:      New York, New York
            May 14, 2014

                                    Respectfully submitted:

                                    _____
                                    MICHAEL E. PRESSMAN (1440)

LAW OFFICES OF MICHAEL E. PRESSMAN
Attorneys for Defendant
FRANCK'S PHARMACY, INC.
125 Maiden Lane- 17th Floor
New York, New York 10038
(212) 480-3030
File No: CFC 14754D
MEP/era/650896

TO:

LAW OFFICES OF GABRIELE
& MARANO, LLP
Attorneys for Plaintiff
100 Quentin Roosevelt Blvd.
P.O. Box 8022
Garden City, New York 11530
(516) 542-1000

FRANCK'S LAB, INC.
202 SW 17th Street
Ocala, Florida 34471-8138

PAUL W. FRANCK
202 SW 17th Street
Ocala, Florida 34471-8138

WELLS PHARMACY NETWORK, LLC
3420 Fairlane Farms Road
Suite 300
Wellington, Florida 33414

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------x

PAMELLA HOSANG

**SUMMONS WITH NOTICE**

**Index No.**

Plaintiff(s)

—against—

**Plaintiff resides at:**
**200 East 17th St**
**Apt. 2E**
**New York, NY 10003**

FRANCK'S PHARMACY, FRANCK'S LAB, INC.,
FRANK'S COMPOUNDING LAB,
WELLS PHARMACY NETWORK, LLC.

Defendant(s)

--------------------------------------------x

To the Person (s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the plaintiff(s) at the address set forth below, and to do so within twenty (20) days after the service of this Summons, or within thirty(30) days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: Garden City, NY

April 10, 2014

Yours, etc.

GABRIELE & MARANO, LLP

By: _____

Alex Tovstolug
Attorney for the plaintiff
Office and P.O. Address
100 Quentin Roosevelt Blvd.
P.O. Box 8022
Garden City, New York 11530

(516) 542-1000

**DEFENDANTS ADDRESSES:**

FRANCK'S PHARMACY
Registered Agent:
FRANCK, PAUL W
202 SW 17TH ST
OCALA, FL 34471-8138

FRANK'S COMPOUNDING LAB
202 SW 17TH ST
OCALA, FL 34471-8138

FRANCK'S LAB, INC.
Registered Agent:
FRANCK, PAUL W
202 SW 17TH ST
OCALA, FL 34471-8138

WELLS PHARMACY NETWORK, LLC
3420 Fairlane Farms Road
Suite 300
WELLINGTON, FL 33414


NOTICE:   The nature of this action is product liability due to
contaminated medication.

The relief sought is **money damages.**


Should defendant (s) fail to appear herein, judgment will be
entered by default for the sum of **$1,000,0000** with interest from the
date on or about January 25, 2012 and the costs of this action.


VENUE: Plaintiff designates New York County as the place of trial.
The basis of this designation is

___X___   Plaintiff's Residence in New York County

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------x Index No.:
PAMELLA HOSANG,                            14-153529

                            Plaintiff,    **AMENDED SUMMONS**

        -against-                         Date Index No.
                                          Purchased:  4/11/14
PAUL W. FRANCK, FRANCK'S PHARMACY, INC.,
WELLS PHARMACY NETWORK, LLC, FRANCK'S     Basis of Venue:
LAB, INC.                                 Plaintiff's Residence

                            Defendants.   Plaintiff Resides at:
----------------------------------------x 200 E. 17th Street
                                          Apt 2E
                                          New York, NY 10003

        To the Person (s) Named as Defendant(s) above:

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear

in  this  action  by  serving  a  notice  of  appearance  on  the

plaintiff(s) at the address set forth below, and to do so within

twenty (20) days after the service of this Summons, or within

thirty (30) days after service is complete if the Summons is not

delivered personally to you within the State of New York.

        YOU ARE HEREBY NOTIFIED THAT should you fail to answer or

appear, a judgment will be entered against you by default for

the relief demanded below.

Dated: Garden City, NY
        April 18, 2014

                                Yours, etc.

                                GABRIELE & MARANO, LLP

                        By:     _____
                                ALEX TOVSTOLUG, ESQ.
                                Attorney for the plaintiff
                                Office and P.O. Address
                                100 Quentin Roosevelt Blvd.
                                P.O. Box 8022
                                Garden City, New York 11530
                                (516) 542-1000

**DEFENDANTS ADDRESSES:**

| | |
|---|---|
| FRANCK'S PHARMACY, INC. | FRANCK'S LAB, INC. |
| Registered Agent: | Registered Agent: |
| FRANCK, PAUL W | FRANCK, PAUL W. |
| 202 SW 17TH ST | 202 SW 17TH ST |
| OCALA, FL 34471-8138 | OCALA, FL 34471-8138 |

PAUL W. FRANCK          WELLS PHARMACY NETWORK, LLC
202 SW 17TH ST          3420 Fairlane Farms Road
OCALA, FL 34471-8138    Suite 300
                        WELLINGTON, FL 33414

NOTICE:  The nature of this action is product liability due to contaminated medication.

The relief sought is **money damages**.

Should defendant(s) fail to appear herein, judgment will be entered by default for the sum of **$1,000,000.00** with interest from on or about January 2012 and the costs of this action.

VENUE: Plaintiff designates New York County as the place of trial.  The basis of this designation is

____X____   Plaintiff's Residence in New York County

2

**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------x   Index No.: 14-153529
PAMELLA HOSANG,

                      Plaintiff,                   **SECOND AMENDED**
                                             **SUMMONS**

                -against-                      Date Index No.
                                             Purchased:  4/11/14
PAUL W. FRANCK, FRANCK'S PHARMACY, INC.,
WELLS PHARMACY NETWORK, LLC, FRANCK'S          Basis of Venue:
LAB, INC., INDIVIDUALLY AND D/B/A AS           Plaintiff's Residence
FRANCK'S COMPOUNDING LAB

                                             Plaintiff Resides at:
                                             200 East 17th St
                            Defendants.          Apt. 2E
------------------------------------------x   New York, NY 10003

      To the Person(s) Named as Defendant(s) Above:

      PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

      YOU ARE HEREBY NOTIFIED that should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Date:    Garden City, New York
        May 6, 2014

                            GABRIELE & MARANO, LLP

                            By: *Anthony M. Soscia Jr.*
                            Anthony M. Soscia Jr, Esq.
                            Attorneys for Plaintiff
                            100 Quentin Roosevelt Blvd
                            P.O. Box 8022
                            Garden City, NY 11530
                            (516) 542-1000

DEFENDANTS ADDRESSES:

FRANCK'S PHARMACY, INC.          FRANCK'S LAB, INC.
Registered Agent:                Registered Agent:
FRANCK, PAUL W                   FRANCK, PAUL W.
202 SW 17TH ST                   202 SW 17TH ST
OCALA, FL 34471-8138             OCALA, FL 34471-8138

PAUL W. FRANCK                   WELLS PHARMACY NETWORK, LLC
202 SW 17TH ST                   3420 Fairlane Farms Road
OCALA, FL 34471-8138             Suite 300
                                 WELLINGTON, FL 33414

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------x
PAMELLA HOSANG,                                    Index No.: 14-153528

                              Plaintiff,

                                                   **VERIFIED COMPLAINT**

                -against-

PAUL W. FRANCK, FRANCK'S PHARMACY, INC.,
WELLS PHARMACY NETWORK, LLC, FRANCK'S
LAB, INC., INDIVIDUALLY AND D/B/A AS
FRANCK'S COMPOUNDING LAB

                              Defendants.
----------------------------------------x

PLAINTIFF, by and through her attorneys, GABRIELE & MARANO, LLP, complaining of the defendants herein, respectfully alleges, upon information and belief, as follows:

1)   This is an action for personal injuries arising from a defective product. This Court has jurisdiction as this is a controversy between parties in excess of $75,000.00.

2)   Plaintiff, PAMELLA HOSANG, is a citizen of New York, New York.

3)   Defendant, FRANCK'S LAB, INC., d/b/a FRANCK'S COMPOUNDING LAB is a corporation incorporated under the laws of Florida with its principal place of business in the State of Florida and selling compounded or formulated products for utilization in the medical field, including, but not limited to, Brilliant Blue-G ("BBG") dye; Triamcinolone ("TMC") and Avastin.

4)    Defendant, FRANCK'S PHARMACY INC., is a corporation incorporated under the laws of Florida with its principal place of business in the State of Florida and selling compounded or formulated products for utilization in the medical field, including, but not limited to, Brilliant Blue-G ("BBG") dye; Triamcinolone ("TMC") and Avastin.

5)    Defendant, PAUL W. FRANCK, is a citizen of the State of Florida, is a principal and shareholder of defendant FRANCK'S LAB, INC., and was involved in the management and operations of FRANCK'S LAB, INC., and directed the manner in which BBG, TMC, and Avastin were compounded in the laboratory.

6)    Defendant, WELLS PHARMACY NETWORK, LLC., is a Florida Limited Liability company and is, in whole or in part, a successor in interest to the aforementioned Francks defendants, and, as such, is liable unto plaintiff for the below listed acts, omissions, or strict product liability of its predecessor in interest.

7)    Plaintiff is informed and believes that at all times herein mentioned, the defendants, and each of them, were the agents, servants, employees, joint venturers, and partners of each other and at all times were acting within the course and scope of said relationships.

8)    Venue is proper in this Court because Plaintiff is a citizen in this County, the tort occurred in this County, and

Defendants were doing business in this County at the time of the injury.

<strong>FIRST CAUSE OF ACTION<br>(FOR PRODUCTS LIABILITY – NEGLIGENCE)</strong>

9)   Plaintiff incorporates by reference paragraphs 1-8 as though fully set forth herein.

10)   In or around January 2012, Plaintiff underwent a procedure on her left eye performed by Dr. Ben Zane Cohen. During the procedure, Dr. Cohen injected Plaintiff's left eye with Bevacizumab & Triamcinolone Acetonide from Avastin, the product the defendants formulated, manufactured, compounded, marketed, and sold as an appropriate product to be utilized in such procedures.

11)   As a result of the injection, plaintiff permanently lost vision in her left eye.

12)   The Defendants owed a duty of reasonable care to Plaintiff to design, compound, manufacture, market, sell, and distribute the Bevacizumab & Triamcinolone Acetonide from Avastin in a condition that was safe for its intended purpose and consistent with the representations that it was a sterile product. The Defendants' duty included a duty to insure that the product did not cause patients who were injected with Bevacizumab & Triamcinolone Acetonide from Avastin in their eye to suffer from unreasonable risks of injury from the product,

especially in light of the fact that it is known that infections in the eye are extremely difficult to treat.

13) Defendants breached their duty to Plaintiff in the testing, design, compounding, manufacturing, packaging, storing, warnings, advertising, promotions, and distribution of Bevacizumab & Triamcinolone Acetonide from Avastin and otherwise failed to exercise ordinary care to avoid the risk of infection and harm.

14) The Defendants knew prior to the date of Plaintiff's procedure of January 2012, that the Bevacizumab & Triamcinolone Acetonide from Avastin was contaminated, non-sterile and unfit to be used in eye surgery procedures; posed an unreasonably dangerous risk of infection and they failed to do anything to recall the product from the market or warn the medical community and the public of the substantial risk of serious complications.

15) The Defendants recklessly and wantonly conducted their laboratory compounding practices in clear violation of applicable federal law and allowed such filthy and inappropriate conditions to exist to the point that it was all but certain that the drugs they were compounding were going to be contaminated.

16) The Defendants knew that the patients who were going to be injected with their Bevacizumab & Triamcinolone Acetonide from Avastin were at risk for developing serious injuries and

complications but they nevertheless continued with their practices in conscious disregard of the health and safety of the ultimate consumers of Bevacizumab & Triamcinolone Acetonide from Avastin.

17) As a direct, proximate, and legal cause of the negligence, carelessness, recklessness and other wrongdoing actions of the Defendants, and each of them as described herein, Plaintiff PAMELLA HOSANG, sustained general damages from debilitating and painful injuries including lost vision in her left eye and was required to undergo additional invasive procedures, all to no avail, causing her additional pain, suffering, anxiety, worry and depression. Plaintiff has also incurred and is likely to incur in the future, special damages for medical, hospital, and related services in an amount to be established at the time of trial.

18) The Defendant's conduct was reckless and malicious, and carried on with a willful and conscious disregard from the safety of the patients who were likely to be injected with Bevacizumab & Triamcinolone Acetonide from Avastin. Therefore, punitive damages should be imposed upon the defendants, and each of them, by way of an example and to punish such conduct in an amount to be determined by the trier of fact.

### SECOND CAUSE OF ACTION
### (FOR PRODUCTS LIABILITY – STRICT LIABILITY)

19)   Plaintiff incorporates by reference paragraphs 1-18 as though fully set forth herein.

20)   The subject Bevacizumab & Triamcinolone Acetonide from Avastin was defective in its compounding and manufacture since it was different from the manufacturer's intended result as set forth on the packaging and related material that accompanied the product, specifically that the product was sterile and free of any contamination.

21)   The defect in the compounding and manufacture of the product, specifically the contamination and non-sterile nature of the product, existed in the product when it left the possession of the defendants.

22)   The defect in the compounding and manufacture of the Bevacizumab & Triamcinolone Acetonide from Avastin resulted in complications to the Plaintiff's procedure and loss of vision in her left eye.

23)   The use of this contaminated Bevacizumab & Triamcinolone Acetonide from Avastin, by the Plaintiff or by his physician during his procedure, was completely foreseeable by the Defendants and each of them since the Plaintiff's doctor was utilizing the product as intended by the Defendants and the medical community.

24)   The Bevacizumab & Triamcinolone Acetonide from Avastin injected into the Plaintiff's eye failed to perform as safely and reasonably as a consumer would expect when used as intended.

25)   As a direct, proximate, and legal result of the strict liability and other wrongdoing actions of the Defendants, and each of them as described herein, Plaintiff PAMELLA HOSANG, suffered general damages from debilitating and painful injuries including loss of vision in her left eye and was required to undergo additional invasive surgeries and procedures, all to no avail, causing her additional pain, suffering, anxiety, worry and depression. Plaintiff has also incurred and is likely to incur in the future, special damages for medical, hospital and related services in an amount to be established at the time of trial.

26)   The Defendant's conduct was reckless and carried on with a willful and conscious disregard for the safety of the patients who were likely to be injected with Bevacizumab & Triamcinolone Acetonide from Avastin. Therefore, punitive damages should be imposed upon the defendants, and each of them, by way of an example and to punish such conduct in an amount to be determined by the trier of fact.

### THIRD CAUSE OF ACTION
### (FOR PRODUCTS LIABILITY – FAILURE TO WARN)

27)  Plaintiff incorporates herein by reference paragraphs 1-26 as though fully set forth herein.

28)  The Bevacizumab & Triamcinolone Acetonide from Avastin which was injected into Plaintiff's eye in and around January 2012, was defective in that there was no warning on the product that it was, or could be, contaminated with filth or foreign matter.

29)  The Defendants, and each of them, knew that doctors would utilize the Bevacizumab & Triamcinolone Acetonide from Avastin, relying on the representations of the Defendants that the product was sterile and that they would have no reason to believe that the product was not sterile and, in fact the Defendants knew, or reasonably should have known based upon their background and experience, that an eye injection could cause serious and debilitating injuries, including blindness of the infected eye.

30)  As a direct, proximate and legal result of the failure to warn and other wrongdoing actions of the defendants, and each of them as described herein, Plaintiff PAMELLA HOSANG, suffered general damages from debilitating and painful injuries including loss of vision in her left eye and was required to under additional invasive surgeries and procedures, all to no avail,

causing him additional pain, suffering, anxiety, worry and depression. Plaintiff has also incurred and is likely to incur in the future, special damages for medical, hospital, and related services in an amount to be established at the time of trial.

31) The conduct of the Defendants, and each of them, was so reckless that punitive damages should be awarded by the trier of fact.

## FOURTH CAUSE OF ACTION
### (FOR BREACH OF WARRANTY)

32) Plaintiff incorporates herein by reference paragraphs 1-31 as though fully set forth herein.

33) The Defendants represented and warranted to Plaintiff through the medical community that their Bevacizumab & Triamcinolone Acetonide from Avastin was safe and effective to be utilized in conjunction with eye surgery.

34) The subject Bevacizumab & Triamcinolone Acetonide from Avastin product that was utilized in the Plaintiff's eye procedure was, in fact, not inconsistent with the warranties and representations of the defendants, but, instead, was non-sterile and contaminated that caused plaintiff serious and permanent injuries as further set forth herein.

35)   As a direct, proximate, and legal cause of the breach of warranty and other wrongdoing actions of the defendants, and each of them as described herein, Plaintiff PAMELLA HOSANG suffered general damages from debilitating and painful injuries including loss of vision in her left eye and was required to undergo additional invasive surgeries and procedures, all to no avail, causing him additional pain, suffering anxiety, worry and depression. Plaintiff has also incurred and is likely to incur in the future, special damages for medical, hospital, and related services in an amount to be established at the time of trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1)   For general damages in a sum to be determined at the time of trial;

2)   For special damages for past and future medical expenses according to proof;

3)   For other damages incurred as a result of the conduct of the Defendants, according to proof;

4)   For punitive damages in an amount sufficient to deter this kind of conduct which is becoming more common in the field of compounding pharmacies;

5)   For pre-judgment interest;

6)   For cost of suit incurred herein; and

7)   For any such other relief as this Court may deem just

and proper.

Dated:  Garden City, New York
        May 6, 2014

                          GABRIELE & MARANO, LLP

                          By: *Anthony M. Soscia Jr.*
                          Anthony M. Soscia Jr, Esq.
                          Attorneys for Plaintiff
                          100 Quentin Roosevelt Blvd
                          P.O. Box 80222
                          Garden City, NY 11530
                          (516) 542-1000

## ATTORNEY'S CERTIFICATION

Pursuant to Section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR) the within **SUMMONS & COMPLAINT** TO CPLR 3101(d) is certified to the best of the undersigned knowledge, information and belief, formed after an inquiry reasonable under the circumstances. The presentations of the papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1.

Dated:     Garden City, New York
           May 6, 2014

ANTHONY M. SOSCIA, JR.

### ATTORNEY'S VERIFICATION

ANTHONY M. SOSCIA, JR., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalties of perjury; I am attorney of record for **PAMELLA HOSANG** in the within action; I have read the foregoing **VERIFIED SUMMONS AND COMPLAINT**, and know the contents thereof; the same is true to my own knowledge except as to those matters said to be upon information and belief and as to those matters I believe them to be true.

This affirmation is submitted by the undersigned because the plaintiff is not in the county where I maintain my office.

Dated:    Garden City, New York
          May 6, 2014

_____
ANTHONY M. SOSCIA, JR

Index No. 153529                              Year 2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PAMELLA HOSANG,

                                              Plaintiff,

          -against-

PAUL W. FRANCK, et al.

                                              Defendants.

---

### SECOND AMENDED SUMMONS AND VERIFIED COMPLAINT

---

LAW OFFICES OF
### GABRIELE & MARANO, LLP
*Attorneys for* Plaintiff.
*Office and Post Office Address, Telephone*
100 QUENTIN ROOSEVELT BLVD.
P.O. BOX 8022
GARDEN CITY, NEW YORK 11530
(516) 542-1000

---

To

Attorneys for

---

Service of a copy of the within                              is hereby admitted

Dated,

                                   ............................................
                                   Attorney(s) for

---

Sir: - Please take notice
[ ] **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20
[ ] **NOTICE OF SETTLEMENT**
that an order                          of which the within is a true copy will be presented for
settlement to the HON.                                                   one of the judges
of the within named court, at
on                    20    at                          **M.**

Dated,
                                        Yours, etc.
                                   LAW OFFICES OF
                                 GABRIELE & MARANO, LLP
                                      *Attorneys for*
                            *Office and Post Office Address, Telephone*
To                                  100 QUENTIN ROOSEVELT BLVD.
                                         P.O. BOX 8022
Attorney(s) for                     GARDEN CITY, NEW YORK 11530
                                        (516) 542-1000

**EXHIBIT  D**

# UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED     AUG   7 2013

WILLIAM W. BLEVINS
CLERK

IN RE: FRANCK'S LAB, INC.,
PRODUCTS LIABILITY LITIGATION

MDL No. 2454

## TRANSFER ORDER

SECT. N MAG.4

**Before the Panel:** * Pursuant to 28 U.S.C. § 1407, defendants Franck's Lab, Inc., and Franck's Pharmacy, Inc. ("Franck's") move for centralization of this litigation in the Eastern District of Louisiana. This litigation currently consists of 21 actions pending in six districts, as listed on Schedules A and B.[1]  The actions listed on Schedule A primarily involve injuries allegedly caused by pharmaceutical products compounded by the Franck's defendants that were contaminated by fungus or other toxins and resulted in rare eye infections, blindness, and other injuries. Plaintiffs in these tort actions support centralization but request the Central District of California as the transferee district. The action listed on Schedule B is a declaratory judgment action by Evanston Insurance Company ("Evanston") concerning whether it has a duty to defend or indemnify Franck's in connection with the tort actions on Schedule A.

All responding defendants except Evanston support centralization.[2] Evanston represents that it is neutral as to the tort actions, but requests that transfer of the declaratory judgment action be denied. At the hearing session, all parties represented that the declaratory judgment action listed on Schedule B has reached an advanced stage, and should be excluded.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions relating to injuries arising from the alleged contamination of pharmaceutical products compounded and distributed by Franck's Lab and Franck's Pharmacy – primarily, Brilliant Blue G, Triamcinalone, and Avastin – which were the subject of recall notices issued from March through May 2012. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No. ____

---

* Judge Sarah S. Vance took no part in the decision of this matter.

[1] The Panel has been notified of two related actions. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The responding defendants are Wells Pharmacy Network and The Cincinnati Insurance Company.

Case 1:14-cv-03537-PGG   Document 2   Filed 05/16/14   Page 31 of 35
Case 2:13-md-02454-KDE-KWR   Document 1   Filed 08/07/13   Page 2 of 3
Case MDL No. 2454   Document 78   Filed 08/07/13   Page 2 of 3

-2-

The Panel has reviewed the proceedings in the *Evanston Insurance* declaratory judgment action listed on Schedule B, and determined that it should be excluded in light of the advanced posture of the action. The court recently bifurcated proceedings on the duty to defend and duty to indemnify issues, and dispositive motions on the duty to defend are due this month. All parties are in agreement that, in light of these developments, the action should be excluded, and we agree.

We conclude that the Eastern District of Louisiana is an appropriate transferee district for this litigation. The four actions pending in this district are the most advanced of the tort actions, and this district is more conveniently located to Florida, the locus of events and witnesses. Judge Kurt D. Engelhardt is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Kurt D. Engelhardt for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that transfer of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION


_____
John G. Heyburn II
Chairman

Kathryn H. Vratil            Paul J. Barbadoro
Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan

IN RE: FRANCK'S LAB, INC.,
PRODUCTS LIABILITY LITIGATION                    MDL No. 2454

## SCHEDULE A

### Central District of California

13-5303   Cheryl Avakian v. Frank's Lab, Inc., et al., C.A. No. 2:13-01068
13-5304   Roy Romero, et al. v. Franck's Lab, Inc., et al., C.A. No. 2:13-01335
13-5305   Joseph Cofugno, et al. v. Franck's Compounding Lab, et al., C.A. No. 2:13-01360
13-5306   Migdalia Aguilar, et al. v. Franck's Lab, Inc., et al., C.A. No. 2:13-01371
13-5307   Levon Jingozian v. Franck's Lab, Inc., et al., C.A. No. 2:13-01468
13-5308   Sergio Hambav, et al. v. Franck's Lab, Inc., et al., C.A. No. 2:13-02058
13-5309   Ester Gonzalez, et al. v. Franck's Lab, Inc., et al., C.A. No. 2:13-02358
13-5311   Ema Arakelian v. Franck's Pharmacy Inc., et al., C.A. No. 2:13-02437
13-5312   Natividad Lopez v. Franck's Lab, Inc., et al., C.A. No. 2:13-02445
13-5313   Jim Hermanson, et al. v. Franck's Lab, Inc., et al., C.A. No. 5:13-00432

### District of Colorado

13-5314   Randy Brown v. Franck's Lab, Inc., et al., C.A. No. 1:13-00846

### Northern District of Indiana

13-5315   Josephine Bienick v. Franck's Lab, Inc., C.A. No.1:12-00197
13-5316   Eldon Wayne McKinley v. Franck's Lab, Inc. C.A. No. 1:13-00060
13-5317   Bernice Tharp v. Franck's Lab, Inc., et al., C.A. No. 1:13-00061

### Eastern District of Louisiana

Ruth Smith v. Franck's Lab, Inc., et al., C.A. No.2:12-02398
Michele Laventhal v. Franck's Lab, Inc., et al., C.A. No. 2:12-02608
James Johnson, Jr. v. Franck's Lab, Inc., et al., C.A. No. 2:12-02738
Susan Kappelman, et al. v. Wells Pharmacy Network, L.L.C., et al., C.A. No. 2:12-02838

### District of Nevada

13-5318   Howard McMaster v. Franck's Lab, Inc., et al., C.A. No. 3:13-00100
13-5319   Brenda Hess v. Franck's Lab, Inc., et al., C.A. No. 3:13-00121

## SCHEDULE B

### Middle District of Florida

Evanston Insurance Company v. Franck's Lab, Inc. et al., C.A. No. 5:12-00603

RIDER

LAW OFFICES OF GABRIELE
& MARANO, LLP
Attorneys for Plaintiff
100 Quentin Roosevelt Blvd.
P.O. Box 8022
Garden City, New York 11530

FRANCK'S LAB, INC.
202 SW 17th Street
Ocala, Florida 34471-8138

PAUL W. FRANCK
202 SW 17th Street
Ocala, Florida 34471-8138

WELLS PHARMACY NETWORK, LLC
3420 Fairlane Farms Road
Suite 300
Wellington, Florida 33414

STATE OF NEW YORK, COUNTY OF                                              ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ Certification By Attorney    certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's Affirmation    state that I am

the attorney(s) of record for
in the within action; I have read the foregoing
and know the contents thereof; the same is
true to my own knowledge, except as to the matters therein stated to be alleged on information and belief. and as
to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

                                                                       The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                              ss.:

I,                                                          being sworn, say: I am

☐ Individual Verification    in the within action; I have read the foregoing
and know the contents thereof; the same is true to my own knowledge, except as to
the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification    the                                    of
a
corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe
it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                              20

                                                                       The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                        ss.:          (If both boxes are checked — indicate after names, type of service used.)

I,                                                          being sworn, say: I am not a party to the action, am over 18 years
of age and reside at
On                              20          I served the within

☐ Service By Mail    by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and
custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last
known address set forth after each name:

☐ Personal Service on Individual    by delivering a true copy thereof personally to each person named below at the address indicated. I knew each
person served to be the person mentioned and described in said papers as *a party therein:*

Sworn to before me on                              20

                                                                    The name signed must be printed beneath

Index No.                    Year 20                    2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELLA HOSANG,

Plaintiff,

-against-

PAUL W. FRANCK, FRANCK'S PHARMACY, INC.,
WELLS PHARMACY NETWORK, LLC, FRANCK'S,
LAB, INC., INDIVIDUALLY and d/b/a as
FRANCK'S COMPOUNDING LAB,

Defendants.

NOTICE OF REMOVAL

LAW OFFICES OF
MICHAEL E. PRESSMAN

*Attorneys for*          DEFENDANT – PALM TREE MARKET

*Office and Post Office Address, Telephone*
125 Maiden Lane
New York, New York 10038-4956
Tel: (212) 480-3030 • Fax: (212) 480-2590
Calendar Direct (212) 480-8005

To

Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated,

Attorney(s) for

LAW OFFICES OF
MICHAEL E. PRESSMAN

*Attorneys for*

*Office and Post Office Address*
125 Maiden Lane
New York, New York 10038-4956

To

Attorney(s) for

NOTICE OF ENTRY

Sir:–Please take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on

20

Dated,

Yours,
LAW OFFICES OF
MICHAEL E. PRESSMAN

*Attorneys for*

*Office and Post Office Address*
125 Maiden Lane
New York, New York 10038-4956

To

Attorney(s) for

NOTICE OF SETTLEMENT

Sir:–Please take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

M.

20

Dated,

Yours,
LAW OFFICES OF
MICHAEL E. PRESSMAN

*Attorneys for*

*Office and Post Office Address*
125 Maiden Lane
New York, New York 10038-4956

To

Attorney(s) for